BECKER *v.* BECKER.

1. TRUSTS—DEEDS—EQUITY—STALE CLAIM.
   In husband's suit against his wife to establish an interest in land which he claims to have bought but title to which was taken in her name 24 years ago, where the parties occupied the property up to a few weeks before suit was brought, although the claim is somewhat stale, relief is not denied on that ground.

2. SAME—EVIDENCE—SUFFICIENCY.
   In such suit, plaintiff's claim that he bought the land and that title was taken in wife's name to facilitate payment of a mortgage thereon, on her promise to deed to him an undivided one-half interest when the mortgage was paid, *held*, established by the evidence.

3. APPEAL AND ERROR—PERFECTING APPEAL.
   On appeal from a decree adjudging a husband owner of

[1]Trusts, 39 Cyc. p. 606; [2]Id., 39 Cyc. p. 166; [3]Appeal and Error, 4 C. J. §§ 1616, 1650.

an undivided one-half interest in land deeded to his wife, and from a decree making partition, the files in the case *held*, to show that the proper steps were taken to perfect appeal, and that the whole issue is before the Supreme Court.

4. TRUSTS—DEEDS—NO RESULTING TRUST IN FAVOR OF PARTY PAYING CONSIDERATION WHERE TITLE TAKEN IN ANOTHER'S NAME. Under 3 Comp. Laws 1915, § 11571, no trust results in favor of a husband who paid the consideration for land, title to which was taken in the wife's name, in the absence of fraud.[*]

Appeal from Ogemaw; Smith (Guy E.), J. Submitted April 20, 1927. (Docket No. 128.) Decided December 1, 1927. Rehearing denied January 19, 1928.

Bill by Eugene Becker against Alice Alcott Becker to establish an interest in land and for partition. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*William T. Yeo,* for plaintiff.

*Kinnane & Leibrand,* for defendant.

WIEST, J. This is a suit by a husband against his wife to have his interest decreed in land, the title to which is held by his wife, and be granted partition. Plaintiff claims that defendant, by fraudulent representations, induced him to consent that title be taken in her name 24 years ago, and ever since she has refused to recognize his rights therein. The claim of plaintiff is somewhat stale, but inasmuch as the parties occupied the premises up to about six weeks before suit and no rights of third persons have intervened, we do not think the case should be determined on that ground.

In December, 1901, plaintiff purchased the premises under land contract for $375 and paid $100 down. In

[*]Trusts, 39 Cyc. p. 136.

September, 1902, plaintiff and defendant went to the vendor, a deed was given defendant, and plaintiff and defendant gave back a mortgage for $287.37. Plaintiff claims he asked the vendor to make the deed to defendant because she represented that, if the deed was to her and the mortgage was by her, she had an uncle who would let her have the money to pay the mortgage; that the uncle was an old man, would not live very long, and she would inherit enough to pay the mortgage and when the mortgage was paid she would deed him an undivided interest in the land. Defendant denied this and claims the deed was to her because plaintiff did not want the land or have title in his name on account of an old indebtedness on two small notes. We think plaintiff's version established.

The vendor testified:

"I remember Alice Alcott Becker, or Mrs. Becker, as she was known to me, requesting that the deed be made out to her as she was to inherit some property or money, more than sufficient to pay off the mortgage they gave that day. Something was said at that time or at some time before about Mrs. Becker getting some money from property in Detroit. Mrs. Becker gave me to understand that her interest and Mr. Becker's interest were mutual, and not that she was to have the property in her own separate right. Mrs. Becker said if they did not get the mortgage paid within two years she had an uncle who would loan them sufficient to pay it if the deed was in her name. I then asked Mr. Becker if he wanted me to make the deed out to Mrs. Becker and he said yes, our interests are the same, and we have a complete understanding about it."

The circuit judge found that the agreement was made, induced plaintiff to consent to the deed to his wife, and defendant never intended to keep the agreement; decreed plaintiff owner of an undivided one-half of the premises, awarded partition, appointed commissioners, and, upon their report, decreed partition. Defendant filed a claim of appeal from the

decree adjudging plaintiff owner of an undivided one-half of the lands, and a claim of appeal from the decree making partition. Plaintiff contends there can be no review here of the subject-matter of the first decree.

The files show: June 2, 1926, notice of filing the first decree; June 14th, claim of appeal filed; June 17th, stenographer's certificate filed and order extending time; August 16th, order extending time to October 15, 1926, with consent of Mr. Yeo, filed; February 7, 1927, claim of appeal from partition decree filed; February 7th, stenographer's certificate filed and order extending time; March 2d, case on appeal settled and signed. We think the whole issue here for determination.

By order of the court, after the first decree, defendant was granted leave to amend the answer by pleading the statutes of limitations and uses and trusts, and the points so presented were argued.

We think the title was taken in the name of the wife upon her oral promise to later grant the husband an undivided one-half interest, but we are not of the opinion that there was fraud perpetrated at that time but rather a refusal, some years later, by the wife, to perform her agreement.

This finding ends the case. Section 11571, 3 Comp. Laws 1915, forbids recovery by plaintiff of any interest in the premises in the absence of fraud inducing him to consent to the deed to his wife. See *Barras* v. *Barras,* 191 Mich. 473.

We are constrained to reverse the decree and dismiss the bill, with costs to defendant.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.