FARIS *v.* FARIS.

FRAUDULENT CONVEYANCES—TRUSTS.

    Husband placing title of property held by himself and wife by entireties in wife's name to defeat creditor is not entitled to relief against wife who refuses to acknowledge his interest; fraud in said transfer barring impressment of trust (3 Comp. Laws 1915, § 11571).

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted April 18, 1930. (Docket No. 29, Calendar No. 34,636.) Decided June 2, 1930.

Bill by William Faris against Mary Faris to obtain an interest in real estate. From a decree for plaintiff, defendant appeals. Reversed.

*Chawke & Sloan,* for plaintiff.

*Frederick J. B. Sevald* and *Daniel P. Cassidy,* for defendant.

WIEST, C. J. The parties to this suit are husband and wife. The bill was filed by the husband to obtain an interest in property held by the wife. Defendant appealed from a decree placing the title in the parties by entireties. The parties were married in Canada in 1880, and separated in the city of Detroit in 1924. At the time of the marriage defendant was a widow, 21 years of age, with one child, possessed of a little household furniture, and plaintiff had no money or property and was earning $7 per week. About a year after the marriage,

plaintiff came to the city of Detroit and obtained employment as driver of a horse-drawn street car, at a wage of $10 per week. His wife and stepchild soon joined him in Detroit, and, shortly after, the first of their four children was born. Since 1881, with the exception of short periods when he was in the saloon business and running an express wagon, plaintiff has been employed upon street cars as a driver and motorman. For many years his wages were small, and, with the birth and rearing of four children, the family expenses took his earnings. Defendant's mother was in business in Hamilton, Ontario, and owned property, and, from time to time, gave money to her daughter, but the amount thereof is somewhat indefinite. After living in Detroit for a time, property of modest value was purchased and the title taken in their joint names. This was followed by a sale and subsequent purchases and sales until 1891, at which time the parties held by the entireties two parcels of real estate. At that time plaintiff was sued upon a small claim, and this led him to place title to their real estate in his wife. The parties were then living together in harmony, and it was intended at some time to restore the holding by the entireties. At what time the feared danger, arising from the suit, passed does not appear, but for many years titles to real estate, with one exception in 1916, were taken in defendant's name and plaintiff given assurance from time to time that he need not worry for he would be cared for in his old age. In 1907, defendant purchased vacant property on Jefferson and Coplin avenues, paying $3,000 for the lots, with deeds in her name. Later she borrowed money at a bank and built five stores on the Jefferson avenue lots. These lots in course of time became very

valuable and were finally sold at a great profit, and such accounts, in no small degree, for this suit.

The mother of defendant died in 1887, intestate, leaving an estate inventoried at $7,702. Defendant received between $4,000 and $5,000 from the estate. Plaintiff claims that, during all the years the parties lived together, he turned most of his wages over to his wife to meet family expenses and to invest, and that his wages furnished the money with which his wife purchased property. Defendant claims the money turned over to her was all used for family expenses, did not at times suffice for even such, and the children, at early ages, were compelled to go to work to help support themselves, that his nephew paid board for years, and even then she had to use money from her mother's estate to meet the family needs. As plaintiff's wages increased, the cost of living kept pace. Plaintiff has failed to show that the property purchased by defendant since 1891 reflects his earnings. The property placed in the name of the wife in 1891, to defeat his creditor, passed beyond his recall, and the fraud in its transfer bars impressment of a trust. We think the defendant, when the title was placed in her name in 1891, intended to restore to plaintiff an interest therein, but, on account of trouble arising out of his habit of drinking, she refused to do so, and that the subsequent purchases were made out of the avails from such property, shrewd management in deals, supplemented by money from her mother's estate, and not out of plaintiff's wages. The placing of the title in the wife in 1891 was not induced by fraud of defendant but by reason of plaintiff's fraudulent purpose, and he has no right to invoke relief against such act. See section 11571, 3 Comp. Laws 1915, and *Becker* v. *Becker,* 240 Mich. 627.

The decree in circuit court is reversed, and a decree will be entered in this court dismissing the bill, with costs to defendant.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.